UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------X
CALVIN B. BROOKS,                    : COMPLAINT FOR DAMAGES
         Plaintiff,                  : under the
                                     : CIVIL RIGHTS ACT
     -against-                       : (42 U.S.C. section 1983)

NEW YORK CITY POLICE DEPARTMENT;     :         CV
KEVIN DARDZINSKI, SHILED No.:6459,   : _____  _____
New York City Police Department,     : JURY TRIAL DEMANDED
City of New York; EDWARD BUDDIN,     :
shield No.:1452, New York City       :
Police Department, City of New York; :
Police Officer, Sgt.Dawe, New York   :
City Police Department, City of New  :
York; DETECTIVE, MONGIELLO, New York :
City Police Department, City of New  :
York; City of Newark, et al.,        :
          Defendant(s).              :
------------------------------------X

### INTRODUCTORY STATEMENT

**1).** Plaintiff, **Calvin B. Brooks,** bring this action for money damages sustained by citizen of United States against, New York City Police Department, Kevin Dadzinski, Edward Buddin, Sgt.Dawe, Detective Mongiello, of the New York City Police Department in the City of New York, and City of Newark, who unlawfully arrested, unreasonable Search and Seizure of property without due process law, kidnappaed, prosecuted, and harassed the plaintiff.

**2).** This action is brought against the Police Commissioner, as the Supervisory officer responsible for the conduct of the defendants and for the commissioner's failure to take corrective action with respect to Police personnel, or to implement meaninful procedures to discourage lawless official conduct, against the City Of New York in the county of New York as their employer of the Police personnel, which is sued as a person under **42 U.S.C section 1983**, for committing acts under the color of law of the State of New York and State of New Jersey.

## JURISDICTION AND VENUE

3). Plaintiff, **Calvin B. Brooks**, bring action pursuant to 42 U.S.C. sections 1983,1988, and the First, Fourth, Fifth, and Fourteen Amendments to the Constitution of the United States.

4). This Court has the subject matter jurisdiction of the action under 28 U.S.C. sections 1331,1343(a)(3) and (4).

5). This court may also exercise supplement jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances and under 28 U,S,C. section 1367.

A. It is alleged that the individual Police Officer, <u>Kevin Dardzinski</u>, who worked under the Warrant-Section in the County of New York and The Bureau Squad-Unit at the 33rd Precinct in the County of New York, harassed, illegally searched, false charges, arrested, kidnapped, deadly force and detained the plaintiff in an attempted to cover-up the facts of his, illegal searched, arrested, kidapped, harassed, deadly force, and detainment of the palintiff.

B. It is alleged that the indiviual Police Officer, <u>Edward Buddin</u>, who worked under the Detective Bureau-Unit at the Midtown-South (14) precinct in the County of New York, illegally searched, arested, false charges, fabricated Evidance, harassed, and detained plaintiff in a attempted to cover-up the facts of his, illegal searched, arrested, retaliation, fabricated evidance, false chages, and detainment of plaintiff.

C). It is alleged that the individual Police Officer, **Sgt.Dawe**, who worked under the warrant-section/The Bureau Squad-Unit at the 33rd precinct in the county of New York, harassed, fabricated Evidance, retaliation, False Charges, arrested, illegal search and detained plaintiff in a attempted to cover-up the facts of his, illegal searched, fabricated evidance, false charges, harassed, and detainment of plaintiff.

D). It is alleged that individual Police Officer, **Detective Mongiello**, who worked under the Detective Bureau-Unit at the Midtown-south(14) precint in the county of New York, illegal searched, false charges, fabricated evidance, false statments, arrested, retaliation, kidnnapped, harassed, Deadly Force, and detained plaintiff in attempted to cover-up the facts his, kidnnapped, false charges, fabricated evidance, harassed, retaliation, and detainment of plaintiff.

**E).** It is'alleged that indiviual former Commissioner,**William Bratton**, who worked under as commanding officer at the One Police Plaza,in the county of New York, who attempted to cover-up,kidnapped,retaliation,fabricated evidence,false charges, illegale searched of their fabricated evidence, kidnapped,false charges,harassed,beaten of the plaintiff, arrested, and detainment of plaintiff.

###### ****** I-PARTIES **********

**6).** Plaintiff,**Calvin B. Brooks**, is the citizen of the United States and the resident of State of New Jersey, and at all times relevant to the allegation within this complaint,was a resident of Newark,County of Essex,State of New Jersey; and

**(A).** Is a defendant in a criminal case, who was worgfully convicted in the Supreme Court of New York County,State of New York;

**(B).** Is currently detained in State of New York Correctional Service located at Washington Correctional Facility,address of: 72 Lock 11 Lane,P.O. Box 180, Comstock,New York 12821.

**7).** At all times relevant to this action,defendant, **Kevin Dardzinski**, is a police officer/Detective employed by the New York City Police Department to reform duties in the city of New York and assigned to 33rd precint in the county of New York.

**(A).** At all reevant times,this defendant was acting as the agent sevant, and employee of defendnat City of New York.

**(B).** This defendant is sued individually and his official Capacity.

**8).** At all times relevant to this action, defendant, **Edward Buddin**, is a police officer/Detective employed by the New York City Police Department to perform duties in the city of New York and was assigned to the (Midtown-South) 14 Precinct.

**(A).** At all times relevant, this defendant was acting as the agent,servant, and employee of defendant City of New York in the County of New York.

**(B).** This defendant is sued individually and in his official Capacity.

9). At all time relevant to this action, defendant, **Sgt.Dawe**, is a police officer employed by the New York City Police Department to perform duties in the City of New York and was assigned to the 33rd precinct in the County of New York.

    (A). At all relevant times, this defendant was acting as the agent, servant, and employyee of the defendant City of New York.

    (B). This defendant is sued individually and in his Official capacity.

10). At all times relevant to this action, defendant, **Detective Mongiello**, is a police officer employed by the New York City Police Department to perform duties in the City of New York and was assigned to the (MidTown-South) 14th precinct.

    (A). At all times relevant times, this defendant was acting as the agent, servant, and employee of defendant City of New York in the County of New York.

    (B). This defendant is sued individually and in his official capacity.

11). At all times relevant to this action, defendant, **William Bratton**, was the duly appointed Commissioner of the New York City Police Department. In this capacity the former Comissioner was:

    (A). The commanding officer of defendant(s), **Kevin Dardzinski, Edward Buddin; Police Officer-Sgt.Dawe; & Det.Mongiello**, and was responsible of their training, supervision, and conduct.

    (B). Responsible by laws for enforcing the reulations of the New York City Police Department.

    (C). Acting as the agent, servant, and employee of the defendant City of New York in the County of New York. This Defendnat is sued individually and his official capacity.

12). The defendant(s), City of New York is a Municipal Corporation within the State of New York, and all relevant, it employed the other defendant(s) in this action.

13). At all time and all their actions defendnats were acting under the color of law and pursuant to their authority as police personnel.

14). Bill De. Blasio, Mayor of City of New York, City Hall of New York City, City Hall, New York, N.Y. 10007.

(A). Defendnat,       -Mayor, Bill De Blasio, and the City of New
   New have failed to and were deliberaterly indifferent to
   the need to properly train,supervised,audit and discipline all
   the individually named police officer under their command,
   including coming across state line and its limitations,
   racial and minority relations, and limitations on the use of
   force.

15). The Defendant(s) County of Essex and City of Newark is a
    Municipal corporation within the State of New Jersey, and at
   all relevant, it employed the other defendnat in this action.

16).   Cory Booker, former Mayor of City of Newark,City Hall of
         Newark,City Hall,Newark,New Jersey 07101.

    (A). Defendant,former-Mayor,Cory Booker, and the City of
         Newark have failed to and were deliberately indifferent
      to the need to properly train,supervised,audit and discip-
line all the individually named all the Out-of-State police
Officers under their command,including coming across state line
and its limitation,racial and munority,and limitation on the
use of force.

## II STATEMENT OF CLAIMS AND FACTS:
### FIRST CAUSE OF ACTION

17). Plaintiff alleges and re-alleges paragraphs 1 through 16 of this count with the same force and effect as if fully set forth herein.

18). On or about the morning of January 29th,2014, plaintiff received an unexpected annoyed knock at his appartment door while he was on the phone with his girlfriend,by members of the New York City Police Department(Warrant-Section/The Bureau Squad), which the annoyed knock continued for about an hour.

19). These New York City Police Department members are,defenants, **Kevin Dardzinski,Police Officer-Sgt.Dawe, and Detective Mongiello,** came to the plaint residence action without state jurisdiction,dressed in civilan clothes,no arrest warrant and without being accompanied of Newark Police Department and/or Local authority at the address of 10 Hill Street,Apt#7-U, Newark,New Jersey 07102.

20). Defendant, **Kevin Dardzinski**, threaten the plaintiff to open his door and tried to order him to step outside his appartment door by hraten to harm the plaintiff's family by blurring out racial slurs, said in sum substance, "Open this door, you black nigger before I slap and rape your your black nigger mother".

21). Defendant, Sgt.Dawe, also threaten the plaintiff to open his door and tried to order the plaintiff to step outside his appartment door, by blurring out racial slurs, said in sum substance,"at the end of this day this door is coming down, you stuid black nigger, we are (NYPD) we can do what we want in any state and we have your house phone tap".

22). The plaintiff immediately called 911 (Newark Police) from his cell phone, and the plaintiff was told the 911-operator that members of New York City Police Department threatened to harm his family and tried to order the plaintiff to open his door, which the 911-operator told the plaintiff not to open his door.

23). When the plaintiff refussed to open his door, defendant, Kevin Dardzinski, compromised the plaintiff's lock-cylinder to gain entry to open the plaintiff's appartment door to his residence until the defendant,Kevin Dardinski was unsuccessful by a doorstopper.

24). At that moment plaintiff's appartment door popped halfway open and the plaintiff sees defenant(s),Kevin Dardzinski,Sgt. Dawe, and John Doe, still threatening the plaintiff to step out- side of his appartment door, said in sum substance, "we are NYPD dumb black fuck, we dont need Newark police, we can go in any state".

(Page-6)

25). The defendants,Kevin Dardzinski;Police Officer-Sgt.Dawe; and John Doe, took off running when they heard Newark Police Department's sirens, which defendnat,Kevin Dardzinski, threaten the plaintiff, said in sum substance, "I will back back black, this is not Law & Order, black fucker and I will shoot you, and this time we will have a warrant".

26). On or about February 2nd,2014,defendant,Kevin Dardzinski, Shield No.:6459, fabricated that he received multiple threatening and alarming text messages on his personal cell phone, the the Number of (347)582-0206, from the plaintiff phone number, the Number of: (201)455-7423 by using google, google-voice,under an IP-Address of (108.5.171.174).

27). On or about February 4th,2014,while the defendant,Kevin Dardzinski, was present in the County of Essex,City of Newark, State of New Jersey, the defendant,Fabricated that he received more threatening and alarming text messages on his cell phone No.,the number of (347)582-0206,from the plaintiff phone No., number of (201)455-7423,by using google-voice, that these text alleged said in sum substance, "death is coming for you,and I hate people like you".

28). Also defendant, Kevin Dadzinski,Fabricated that he reviewed business records maintained by Google that indicated the IP-address associated with the plaintiff phone number,under the IP-address of:(108.5.171.174).

29). On or about Fabruary 6th,2014, out of retaliation,defedant, Kevin Dardzinski, obtained a warrant of arrest from the New York County Crimincal court,in the state of New York,issued by Hon.Kevin McGrath,Jr., under the warrant Number/OCA No. of: (E2014100703), for the plaintiff's arrest for the charges of:

Aggravated Harassment in the second degree and Harassment in the second degree based on the plaintiff allegelly sending the defendnat,Kevin Dardzinski,threatening text messages.

30). On or about February 6th,2014, out-of-retaliation, defendant,Kevin Dardzinski,Shield No.:6459,obtain a search warrant from the New York County Criminal Court, in the State of New York,issued by the Honorable, Flicia A. Mennin, under the warrant number of: (**NO140-2014**) for the location of 10 Hill Street Apt.7-U, the City of Newark,New Jersey 07102 and for the person Calvin Brooks.

31). On or about February 12th,2014, out-of-retaliation, defendant, Kevin Dardzinski,shiled No.6459,obtain a Search Warrant from the County of Essex-Superior Court,State of New Jersey,City of Newark, issued by Honorable Michael L. ravin, under the warrant Number of: (**87-02-14**) for the location of 10 Hill Street,Apt.7-U,City of Newark,New Jersey and for the person Calvin Brooks.

32). On or about the morning of February 18th,2014,around 4:30A.M.,while the plaintiff was present in jis residence at 10 Hill Street,Apt.7-U,City of Newark,New Jersey. Defendants, Detective Mongiello,Edward Buddin, Six other members of the NYPD warrant-section, County of New York, and Brian Gillen, from the County of Essex Sheriff Office or Newark Police Department, executed the warrant of arrest,from the New York Crimail Court, with deadly-force, out of retaliation for the behalf of NYPD Kevin Dardzinski,6459.

33). Defendant, Detective Mongiello, was first to rushed in the plaintiff's residence with deadly-force,out of retaliation, ording the plaintiff to get on the floor,while pointing his

his service weapon at the plaintiff head and knocked the plaintiff to the ground inside of his bed room and placed handcuff on the plaintiff, out of personal vendetta.

34). When the plaintiff address the issue about the warrant, the plaintiff was immediatly pistol-whipped, while the plaintiff was on the ground and defendant, Detective Mongiello, hit the plaintiff with a phone-book that he took off the plaintiff's table.

35). The plaintiff was picked off the floor and on his kitchen chair, by the defendnats, Detective Mongiello and Edward Buddin, while detective Edward Buddin pointed his service weapon at the plaintiff head, said in sum substance, "this is for Kevin Dardzinski".

36). The plaintiff asked Defendant, Officer Brian Gillen of Essex County Sheriff Office or Newark Police Department, why he is being arrested and asked were is the warrant. Defendant, Brian Gillen, said in sum sustance, "this is for Kevin Dardzinski".

37). Defendnat, Detective Mongiello, threaten and telling the plaintiff that hw will never come home, and while defendat, Detective Mongiello, going through the plaintiff cell phone/I-Phone without a warrant and the plaintiff permission, which defendnat, Det.Mongiello, said in sum substance, "Who told you that you ever getting out of jail and you will never get out prison and we can do the same to your father".

38). Defendant, Edward Buddin,& Edward Buddin, realized that the plaintiff called (911) Newark Police Department from his cell

phone,when four Newark Police Officers arrived in the plaintiff's appartment in the lobby area,responding to a 911 call.that the plaintiff made.

**39).** The plaintiff was immediately picked out of his chair by Defendant,Brian Gillen, John Doe, of the warrant-section New York City Police Department, and rushed out of his appartment door and taken down stairs of his appartment building and place in the Defendant, Brian Gillen's truck and John Doe and Brian Gillen, transported to Essex County Correctional Facility, in the City of Newark,State of New Jersey.

**40).** After the plaintiff was taken out of his residence, defendants,Edward Buddin, and Detective Mongiello, executed both Search Warrants,without the present and/or being accompanied of Newark Police Department or local authrity.

**41).** Defendants,Edward Buddin, & Detetctive Mongiello,ransacked the plaintiff's residance and seized the plaintiff property, and uncovered(<u>Asus LapTop Computer</u>; <u>Hewlett-Packard LapTop Computer</u>;<u>Sprint BlackBerry</u>;<u>Kingston</u>;<u>Apple I-Phone</u>;<u>Lexar Memory Stick</u>;<u>Kingston Memory Stick</u>;<u>PayRoll documents</u>; <u>personal safe that obtaining $5,550.00 in cash</u>; and <u>other personal property</u>), from the address of 10 Hill Street,Apt.7-U, City of Newark, New Jersey.

**42).** On or about march 3rd,2014, the plaintiff was unlawfully extradited from the State of New Jersey, Essex County Correctional faility, on a non-extraditable offence, and false charges,

43). On or about March,3rd,2014, the plaintiff was transported by two members of the New York City Police Department,Queens County-Warrant section,to the Mistown-South precinct, in the County of New York,on that very morning of,which constitutes police-misconduct on the behalf of defendant,Kevin Dardzinski.

44). Although defendant,Kevin Dardzinski,shiled No.:<u>6459</u>, & Police Officer,John Doe; and Police Officer,Sgt.Dawe,was acting without State Jurisdiction on the morning of January 29th,2014, to harassed and attemped to kidnapped the plaintiff.

45). Although defendant,Brian Gillen, and New York City Police Department,who are defendants,Edward Buddin, and Detective-**Mongiello**, executed an warrant of arrest, issued by state of New York County of New York Criminal Court, without an federal warrant of arrest and/or local criminal court warrant of arrest, on or about February 18th,2014.

46). Although defendants,Edward Buddin,shield No.:1452 and Detective,Mongiello, executed both search warrants without the the present and/or being accompanied of Newark Police Department, or local and/or federal authority, which the executions is unconsitutional, illegal search, and acted retaliation.

47). Despite the fact that plaintiff had committed no crime or broken any laws, his arrested without proable cause and his arrest was in a retaliation matter.

48). Said arrest was in violation of plaintiff's Rights to be free from an unreasonable seizure under the fourth amendment to to the United States Consitutution.

## ************ SECOND CAUSE OF ACTION AGAINST
## INDIVIDUAL DEFENDANTS

49). Paragrapgs 1 through 48 are incorporated herein by reference.

50). The defedant the New York City Police Department and The City of New York, & City of Newark, has grossly failed to trained its police officers in the fundamental law of illegally searching and seizure of property without **due-process** of law or proper warrant,falsely arresting,retaliation and detaining in the States and of Newark & City of New York.

51). The defendants, New York City Police Department and The City of New York have encouraged a policy of illegal search and seizure of property without Due-Process of Law or a proper warrant, executing search warrant without the present of Newark Police Department and/or local authority, retaliation,fabricating evidence,false charges,harassed,false arrest, fetaining of ratifying it by systemic deficiencies on disciplining officers or investigation of complaints.

52). The foregoing acts,omissions, and systemic failures are customs and policies of the New York City Police Department and The City of New York and cause defendants,Edward Buddin,Sgt.Dawe, Kevin Dardzinski;Detective Mongiello; and John Doe, of the New York City Police Department to believe that determination of the right to illegal search and seizure of property without Due-Process of the Law or Proper Warrant,acted in retaliation,false statements,harassed,false charges,fabricating evidence,false arrest, and detaining would not be honestly or properly investigated, with the foreseeable result that defendnats,Edward Buddin; Sgt.Dawe;Kevin Dardzinski; Detective Mongiello;John Doe; and

Brian Gillen, would likely to illegal search,false arrest, false statements,false charges,harassed,kidnapped, and detain plaintiff.

53). As a direct and proximate cause of aforesaid acts, omissions, policies and customs of New York City Police Dept., The City of New York, and defendants,Kevin Dardzinski,Edward Buddin; Sgt.Dawe;Deective Mongiello;and Jonh Doe, illegally searched,false arrested,realiation and detain plaintiff without probable cause.

****** **THIRD CAUSE OF ACTION AGAINST** *******
          **INDIVIDUAL DEFENDANTS**

54). Paragraphs 1 through 53 are incorporated herein by reference.

55). The defendants, the City of New York, New York City Police Department;Kevin Dardzinski;Sgt.Dawe;Edward Buddin;Detective Mongiello; and John Doe, actin in their individual capacities and under color of law,having consired together and with other, reached a mutual understanding and acted to undertake a course of conduct that violated plaintiff Civil Rights, to Writ:

(A). The defendnats agreed and acted to intentionally and illegally searched plaintiff residence without a proper warrant and without the present and/or being accompanied of Newark Police Department and/or local authority;

(B). The defendants agree and acted to intentionally retaliation, false arrest,fabricated evidence,false statements,harassed, kidnapped, and imprison plaintiff as aforescribed;

**(C).** The defendnat agree and acted to intentionally submit false police report,statements, and testimony to support and corroborate the fabricated charges lodged against plaintiff;

**(D).** The defendants agree and acted with others to punish the plaintiff for having execrcised his constitutionally protected rights.

*********** III **INJURIES** *******

**56).** Paragraphs 1 through 55 are incarporated herein by reence.

**57).** Plaintiff's residence was illegally searched without the present and/or being accompied of Newark Police Department and/or local authorities and without proper warrant.

**(58).** Plaintiff was falsely arrested,harassed,false charges, retaliation,invasion of privacy,fabricated evidance,false statements, were filed against plaintiff in an attempts to cover-up defendants, Kevin Dardzinski;Edward Buddin;Police Officer,Sgt. Dawe; Detective Mongiello; and John Doe action.

*********** IV **PREVIOUS LAW SUITS:** **********************
**59).** Plaintiff has filed no other lawsuits.

(Page 14)

**WHEREFORE**, Plaintiff prays that this court grants the following relief: (1). Twenty Million ($20,000,000.00), Intentional Damages; (2). Twenty Million ($20,000,000.00), Compensatory Damages; (3). Twenty Million ($20,000,000.00), Punitive Damages; and (4). Thirty Million ($30,000,000.00), Future Dames, and award such other and further relief as this court may deem appropriate.

Signed this day of May 17th, 2017.

CALVIN B. BROOKS

I declare under pentalty of perjury that the foregoing is true and correct.

Calvin B. Brooks
Din No.: 16A4464
Washington Correctional Facility
72 Lock 11 Lane, P.O. Box 180
Comstock, New York 12821